UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESMOND TURNER,

    Petitioner,

v.                                       CASE NO. 8:14-cv-2855-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
                                   /

**O R D E R**

    Turner was ordered (Doc. 2) to show cause why his application under Section 2254 is not time-barred. The earlier order explains the requirements for showing entitlement both to equitable tolling of the limitation and actual innocence. Turner's response (Doc. 4) argues that his application is timely (1) because an applicant is required to exhaust his available state court remedies before seeking relief in federal court, (2) because he timely exhausted his state court remedies within the two years permitted under state law to seek post-conviction relief, and (3) because he applied under Section 2254 within one year of the conclusion of state post-conviction proceedings. As stated in the earlier order, Turner fails to apply toward the federal one-year limitation the time that passed before he commenced his post-conviction proceedings in state court. Even though he timely filed a state post-conviction application within the state two-year limitation, Turner's federal action is time-barred because the state two-year limitation and the federal one-year limitation run

simultaneously, as *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002), explains:

> By virtue of statute, Tinker is provided both a state and federal forum in which to seek post-conviction relief. Despite his argument to the contrary, he need not forego his state remedy entirely in order to avail himself of the federal remedy. However, he must exercise it within one year of the date his judgment became final and do so in a manner that leaves him sufficient time to timely file his federal petition. (FN4)
>
>> FN4. We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period. Thus, care must be taken to assure that sufficient time remains within the federal statutory period to file the federal petition. For example, if the federal limitation period begins to run on January 1, and the state petition is properly filed on July 1, six months of the federal limitation period has run and petitioner only has six months left from the time the state court rules on his state petition to file his federal petition. However, should a petitioner wait to file his state petition until only a week remains before the expiration of the one year federal limitation period, he or she will only have a week left to file a federal petition before the federal limitation period has expired. *Cf. Duncan v. Walker*, [533] U.S. [167, 178] . . . (2001) ("Section 2263(b)(2) provides that the limitations period shall be tolled from the date on which the first petition for post conviction review or other collateral relief is filed until the final State court disposition of such petition.") (internal quotations omitted).

The state post-conviction application afforded Turner no tolling of the federal limitation because no federal time remained.

Accordingly, the application for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk must close this case.

# DENIAL OF BOTH
# CERTIFICATE OF APPEALABILITY
# AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Turner is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Turner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred and because he shows entitlement to neither equitable tolling nor manifest injustice, Turner is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Turner must obtain permission from the circuit court to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on December 18, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE